UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18CV360 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ONE HUNDRED SEVENTY-FIVE | : | **VERIFIED COMPLAINT FOR** |
| THOUSAND, TWO HUNDRED | : | **FORFEITURE IN REM** |
| FIFTY-FIVE DOLLARS IN UNITED | : | |
| STATES CURRENCY ($175,255.00), | : | |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for

its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules

of Civil Procedure.

## NATURE OF THE ACTION

1.      This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which

provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished
> or intended to be furnished by any person in exchange for a controlled substance or
> listed chemical in violation of this subchapter, all proceeds traceable to such an
> exchange, and all moneys, negotiable instruments, and securities used or intended
> to be used to facilitate any violation of this subchapter.

## THE DEFENDANTS IN REM

2.      The defendant is One Hundred Seventy-Five Thousand, Two Hundred Fifty-Five

Dollars in United States Currency ($175,255.00).   On or about June 29, 2018, an Ohio State

Highway Patrol Trooper seized the defendant.   The Homeland Security Investigations ("HSI")

deposited the currency into an account, controlled by the U.S. Customs and Border Protection, Fines, Penalties and Forfeiture Office, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant pursuant to 21 U.S.C. § 881(a)(6).   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has *in rem* jurisdiction over the defendant pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendant was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6.      The defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because the defendant represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

## FACTS

7.      On or about June 29, 2018, Ohio State Highway Patrol Trooper Jason Barhorst stopped a black Nissan Maxima (the "vehicle") on Interstate 75 for following too closely and for dark window tint.   Trooper Barhorst identified the driver of the vehicle as Eric Eugene Johnson

("Johnson") upon reviewing his Ohio driver's license.  Johnson consented to a pat down for weapons.  In response to Trooper Barhorst's question about his travels, Johnson stated that he was coming from his barber shop at the mall and was headed to another barber shop at Miamisburg Mall.  Johnson agreed to sit in Trooper Barhorst's patrol car.

8.  Trooper Barhorst returned to the vehicle to speak with the passenger and to review the vehicle registration.  The passenger stated that he did not have any identification but later identified himself as Ronald E. Brown ("Brown").  As Brown nervously fumbled through the paperwork from the glovebox, looking for the vehicle registration, Trooper Barhorst asked him about their travels.  Brown stated that they were going to buy barber supplies at a mall, but he did not know the name of the mall or the city where they were headed.  After Brown provided the registration to Trooper Barhorst, he agreed to a pat down for weapons and to sit in the patrol car of another trooper who had arrived on the scene.

9.  Trooper Barhorst returned to his patrol car to conduct license checks, to review the vehicle registration, and to request a criminal history check on Johnson.  While waiting for the return on the criminal history check, Trooper Barhorst deployed his narcotic detection canine around the exterior of the vehicle for a free air sniff.  The certified, drug detection canine alerted to the presence of a narcotic odor emanating from the right front door seam.

10.  Trooper Barhorst returned to his patrol car to advise Johnson of his rights under *Miranda*, and Johnson acknowledged that he understood his rights and had no questions on his rights.  When questioned, Johnson denied that he had any narcotics or a large amount of United States currency in the vehicle.  Johnson stated that he was the primary driver of the vehicle since 2013.

11.  Trooper Barhorst conducted a probable cause search of the vehicle with the

assistance of another trooper and found a large bundle of one hundred dollar bills, which was separated into ten bundles with rubber bands, in the center console. Trooper Barhorst then observed two shoeboxes on the back seat. When Trooper Barhorst opened the shoeboxes, he observed a large amount of United States currency in each box. The currency was bundled with rubber bands, which is consistent with narcotics trafficking, and Trooper Barhorst estimated that the shoeboxes contained over $100,000.00 in various bill denominations.

12.     Trooper Barhorst returned to his patrol car and secured Johnson in handcuffs. When Trooper Barhorst questioned Johnson about the large amount of currency in his vehicle, he denied any knowledge or ownership of the currency on the back seat; however, Johnson claimed ownership of the currency located in the center console. Trooper Barhorst questioned Johnson about the currency located on the back seat several times, but Johnson denied any knowledge or ownership of the currency each time.

13.     After Brown was advised of his rights under *Miranda*, he denied any knowledge or ownership of the currency in the vehicle.

14.     The currency was seized for forfeiture. A count of the currency later determined that the currency seized from the center console totaled $10,000.00, the currency seized from the two shoeboxes totaled $165,255.00, and together the amounts represent the defendant in this case. Johnson and Brown were advised of the seizure.

15.     After confirming that the front window tint did not comply with the law, Trooper Barhorst issued a warning to Johnson for following too closely and for the window tint violation. Johnson and Brown were then released from the scene with the vehicle.

16.     Narcotics trafficking is a cash business. As indicated below, the majority of the seized currency was in small denominations, which is consistent with street-level narcotics

4

trafficking, as follows.

| DENOMINATION | QUANTITY |
|---|---|
| $100 | 515 |
| $50 | 308 |
| $20 | 5,146 |
| $10 | 406 |
| $5 | 262 |
| $1 | 65 |

17.     A criminal background check for Johnson indicates that in July 2003, he was convicted of trafficking in cocaine, and in August 2013, he was convicted of possession of cocaine and trafficking in marijuana.

18.     After receiving the notice of forfeiture, Johnson contested the forfeiture of all the seized currency, including the $165,255 from the shoeboxes of which he previously denied any knowledge and ownership.   Johnson now claims that all the currency is his "legal money."

19.     By reason of the facts set forth herein, the defendant is properly condemned and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a)     the Court find there is probable cause to believe that the defendant has been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6);

(b)      pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest

*in rem*, directing the United States to arrest and seize the defendant and to retain the same in its

custody subject to further order of the Court;

(c)      the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to

give notice to all persons and entities having an interest in the defendant to assert in conformity

with the law a statement of any interest they may have, including notice by publication on the

official government website, www.forfeiture.gov, for thirty consecutive days;

(d)      the forfeiture of the defendant to the United States be confirmed, enforced, and

ordered by the Court;

(e)      the Court thereafter order the United States to dispose of the defendant as provided

by law; and

(f)      the Court award the United States all other relief to which it is entitled, including

the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax: (513) 684-6385
Deborah.Grimes @usdoj.gov

## VERIFICATION

I, Timothy J. Wallace, hereby verify and declare under the penalty of perjury that I am a Special Agent of Homeland Security Investigations, United States Department of Homeland Security, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 10/31/18

TIMOTHY J. WALLACE, Special Agent
Homeland Security Investigations

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202    (513) 684-3711

## DEFENDANTS

One Hundred Seventy-Five Thousand, Two Hundred Fifty-Five Dollars in United States Currency ($175,255.00)

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product      Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |      Liability    [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &      Pharmaceutical      Slander      Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'      Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) |      Liability    [ ] 368 Asbestos Personal [ ] 340 Marine      Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product      Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |      Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending      Product Liability | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    [ ] 380 Other Personal      Injury      Property Damage |      Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | [ ] 362 Personal Injury -    [ ] 385 Property Damage      Medical Malpractice      Product Liability | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts [ ] 893 Environmental Matters [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate      Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/      Accommodations    [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -    [ ] 535 Death Penalty      Employment    **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities -    [ ] 540 Mandamus & Other      Other    [ ] 550 Civil Rights | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education    [ ] 555 Prison Condition    [ ] 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   11/1/18

SIGNATURE OF ATTORNEY OF RECORD   *Deborah D. Grimes*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |

*Plaintiff(s)*

v.                                    Civil Action No.

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: