IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18-cv-360 |
| Plaintiff, | : | Judge Michael J. Newman |
| v. | : | |
| ONE HUNDRED SEVENTY-FIVE THOUSAND, TWO HUNDRED FIFTY-FIVE DOLLARS IN UNITED STATES CURRENCY ($175,255.00), | : : : | |
| Defendant. | | |

## DEFAULT JUDGMENT IN A CIVIL CASE
## AND DECREE OF FORFEITURE OF THE DEFENDANT

[ ] **Jury verdict.**  This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.**  The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.**  This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture.  (Doc. No. 32.)  The instant motion seeks a default judgment against the defendant, One Hundred Seventy-Five Thousand, Two Hundred Fifty-Five Dollars in United States Currency ($175,255.00); Eric Johnson; and all other persons and entities who might have an interest in the defendant.  The motion also seeks a decree of forfeiture against the defendant.

The United States filed a Verified Complaint for Forfeiture *In Rem* on November 1, 2018, against the defendant, One Hundred Seventy-Five Thousand, Two Hundred Fifty-Five Dollars in United States Currency ($175,255.00). (Doc. No. 1.) Timothy J. Wallace, who is a Special Agent with Homeland Security Investigations, verified the complaint. (*Id.*)

The complaint alleges that the defendant is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on November 6, 2018, directed the U.S. Customs and Border Protection ("CBP"), any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant. (Doc. No. 2.) CBP arrested the defendant in accordance with the warrant. (Doc. No. 31.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: 1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States has sent direct notice of this action with a copy of the complaint to all known potential claimants.  On November 9, 2018, the United States sent direct notice and a copy of the complaint by regular and certified mail to potential claimant Eric Johnson, advising him that the deadline for filing a claim was December 14, 2018.  (Doc. No. 28, Exhibit 1.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days. The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on November 7, 2018, for 30 consecutive days. (Doc. No. 27.)

On November 25, 2018, Eric Johnson ("Johnson") filed a Claim (Doc. No. 4), asserting an interest the defendant, and he filed an Answer (Doc. No. 5) to the complaint.

In the related criminal case, Johnson entered into a Plea Agreement with the United States on or about December 27, 2021, in which he knowingly and voluntarily withdrew his Claim and Answer in this civil forfeiture case and consented to the immediate forfeiture of the defendant. (Doc. No. 24.)

On January 21, 2022, the Clerk of this Court entered a default against the defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, for failure to plead or otherwise defend as required by law.  (Doc. No. 30.)

No person or entity other than Johnson has filed a claim to the defendant or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:

1. The defendant, One Hundred Seventy-Five Thousand, Two Hundred Fifty-Five Dollars in United States Currency ($175,255.00);

2. Eric Johnson; and

3. All other persons and entities who might have an interest in the defendant, for failure to file a claim and answer in accordance with 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, and DECREED that:

1. All right, title and interest in the defendant is CONDEMNED and FORFEITED to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the defendant represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846;

2. All right, title, and interest in the defendant is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The Department of Homeland Security, U.S. Customs and Border Protection or an authorized agent thereof shall dispose of the defendant in accordance with the law;

4. The Court shall retain jurisdiction to enforce the terms of this Order; and

5. This case is terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date: <u>March 15, 2022</u>　　　　　　　　　　s/Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　HONORABLE MICHAEL J. NEWMAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE